**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**ROY SMITH AND ROY SMITH AS NEXT**                    **PLAINTIFFS**
**FRIEND OF S.S., A MINOR**

**V.**                                    **CAUSE NO. 3:10-CV-00184-CWR-LRA**

**BROOKHAVEN SCHOOL DISTRICT, LEA
BARRETT, INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS SUPERINTENDENT
OF BROOKHAVEN SCHOOL DISTRICT,
ROD HENDERSON, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS PRINCIPAL OF
ALEXANDER JUNIOR HIGH SCHOOL, STAN**                    **DEFENDANTS**
**PATRICK, DAN BROWN, CARL AYCOCK,
KAREN BRADEN, AND WILLIE HARRISON,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES AS MEMBERS OF THE
BROOKHAVEN SCHOOL DISTRICT BOARD
OF TRUSTEES**

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

The above-styled matter is before the Court on a Motion for Partial Summary Judgment
[Docket No. 14]. The Court has considered the questions presented in that motion and the
parties' briefs relevant thereto and has concluded that the motion should be granted.

Each defendant advancing this motion is a government entity or employee: the
Brookhaven School District, Lea Barrett in her official capacity as superintendent of the
Brookhaven School District, Rob Henderson in his official capacity as principal of Alexander
Junior High School, and Stan Patrick, Dan Brown, Carl Aycock, Karen Braden, and Willie
Harrison in their official capacities as members of the Brookhaven School District Board of
Trustees.

According to plaintiff Roy Smith's Complaint [Docket No. 2], the defendants "raided"

1

his restaurant, Smitty's Place, on August 30, 2007, thereby causing various non-physical injuries. Complaint at 4. More than a year later, on September 29, 2008, "in an effort to further intimidate" Smith, the defendants "slapped the plaintiff's minor child while on school property." Complaint at 4.

In time, Smith generated no fewer than three letters regarding the incidents. On September 25, 2007, Smith authored a two-page letter describing the first episode to Lea Barrett, the Brookhaven School District's superintendent, and mailed that letter via United States Postal Service mail. Exhibit A to Defendants' Motion for Partial Summary Judgment [Docket No. 14-1]. The letter contained a brief description of the "raid" on August 30, 2007, and demanded, among other things, "all monetary compensation for loses [*sic*] and damages (real and punitive)."

At some point no earlier than May 7, 2008, Smith sent a one-page letter to Brian Brown of AIG Insurance in New York. This letter's description of the August 2007 incident is briefer and less detailed than was his account to Barrett, but its substance recounts the same facts and demands compensation totaling $85,000. Exhibit B to Def. Mot. [Docket No. 14-2].

Finally, almost one year after the second incident, Smith mailed to the defendants an eight-page document styled "Notice of Claim" on September 28, 2009. Exhibit C to Def. Mot. [Docket No. 14-3]. This final letter discussed the two incidents and outlined various legal claims stemming therefrom and available to Smith.

Eventually, Smith brought a 28-claim lawsuit against the defendants on March 30, 2010, asserting various constitutional violations and state-law claims. On April 15, 2011, the defendants moved [Docket No. 14] for partial summary judgment. Specifically, the defendants attack only the state-law claims that arose out of the August 2007 incident. *See* Def. Mot. at 2

("seek[ing] a dismissal of Smith's claims arising out of the [August 2007] event due to [Smith's] failure to comply with the notice and filing requirements of Miss. Code Ann. § 11-46-11."). *See also* Defendants' Rebuttal in Support of Motion for Partial Summary Judgment [Docket No. 19] ("Defendants seek the dismissal of all state law claims related to the August 30, 2007 alleged 'raid.'"). Without elaboration, Smith denies [Docket No. 17] the movants' contentions.

## STANDARD OF REVIEW

Although motions for summary judgment are filed frequently, not every case is suitable for such disposition. Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When confronted with these motions, this Court focuses on "genuine" issues of "material" facts. An issue is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgement, together with an inference in such party's favor that the evidence allows would be sufficient to support a verdict in favor of the party." *Zisman v. Mason*, 2008 WL 879726, *3 (S.D. Miss. 2008) (citing *Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A fact is material if it is one which might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Factual disputes that are irrelevant or unnecessary will not be considered. *Id*. Likewise, unsubstantiated assertions are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

The jury has the responsibility to assess the probative value of the evidence. As a consequence, a court must step back and refrain from making credibility determinations, and it

must not weigh evidence or draw from the facts legitimate inferences for the movant.  *Strong v. Dept. of Army*, 414 F. Supp. 2d 625, 628 (S.D. Miss. 2005).  This Court is ever mindful that although a useful device, summary judgment "must be employed cautiously because it is a final adjudication on the merits."  *Jackson v. Cain*, 865 F.2d 1235, 1241 (5th Cir. 1989); *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991).

The issues relevant to the matter at hand, however, are well suited for summary disposition. *See, e.g., Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991) (granting summary judgment in case involving a dispute of lease agreement); *FDIC v. Int'l Prop. Mgt., Inc.*, 929 F.2d 1033, 1039 (5th Cir. 1991) (employing summary judgment in determining whether, under Texas law, assignment of rent clause in deed gave mortgagee an immediate right to rents upon the mortgagor's default); *Nabers v. Morgan*, 2011 WL 359069, *3 (S.D. Miss. Feb. 2, 2011) (where relevant issues present no factual dispute but only how law should be applied, summary judgment is appropriately utilized). With regard to the purported notice-of-claim letters, there is no dispute of fact. Simply put, the question is whether the facts, as both parties view them, amount to a satisfaction of the Mississippi Tort Claims Act's notice requirement.

## ANALYSIS

Section 11-46-11 of the Mississippi Code contains the requirements for notice-of-claim letters. Under that statute,

> any person having a claim for injury . . . against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.

Miss. Code Ann. § 11-46-11(1).

4

The notice-of-claim statute goes on to delineate the substantive requirements of such a letter and requires that "[e]very notice of claim required by subsection (1) of this section . . . shall be delivered in person or by registered or certified United States mail." Miss. Code Ann. § 11-46-11(2). The statute specifically requires that the notice-of-claim letter be filed "with the chief executive officer of the governmental entity." Miss. Code Ann. § 11-46-11(1). Moreover, such service must take place within one year of the allegedly tortious behavior. Miss. Code Ann. § 11-46-11(3).

None of the three letters generated by Smith meets all three requirements. Exhibit 2 to the Affidavit of Lea Barrett [Docket No. 14-1] shows that Smith's September 2007 letter was sent by United States Postal Service mail with first-class postage – in other words, that it was not delivered in person or by *registered* or *certified* United States mail. *See also* Affidavit of Lea Barrett at 2 ("In late September [2007], I received, via U.S. mail, a copy of a letter from Mr. Roy Smith, dated September 25, 2007. . . . I did not receive [the letter] . . . by certified mail or any other means. Rather, the only copy I ever received . . . w[as] by U.S. Mail."). The May 2008 letter, attached as Exhibit B [Docket No. 14-2] to the Motion for Partial Summary Judgment, was not sent to a governmental entity's chief executive officer at all but, rather, to an employee of AIG Insurance in New York. And the September 2009 letter [Docket No. 14-3], although apparently delivered by hand to the relevant officers, was not delivered within one year of the "raid" on his restaurant in August 2007.

Therefore, Smith never complied with the MTCA's notice-of-claim requirements in his pursuit of relief for the August 2007 incident, and the movants are entitled to summary judgment on the state-law claims stemming therefrom.

Of course, the sovereign immunity of states cannot be interposed to excuse violations of the United States Constitution. *Black v. North Panola Sch. Dist.*, 461 F.3d 584, 593 (5th Cir. 2006). More specific to the dispute at hand, the Fifth Circuit has concluded definitively that "the MTCA notice requirement does not apply to § 1983 claims." *Id.* at 595. Therefore, Smith's failure to adhere to the MTCA's notice provision affects only his state-law claims and does not preclude litigation regarding any claims brought under Title 42, Section 1983 of the United States Code.

Apparently, the movants understand this principle, as they do not seek summary judgment on Smith's claims under federal law; rather, they ask only that "Smith's state law claim [*sic*] pertaining to the 2007 incident . . . be dismissed with prejudice." Defendant's Memorandum [Docket No. 15] at 7.

Therefore, summary judgment is granted to the movants on all state-law claims stemming from the August 2007 incident. But because the motion at hand addresses no other aspect of Smith's case, the Court does not address the question of whether summary judgment is appropriate beyond that scope. Any federal-law claims taking root in that episode, as well as all claims related to the September 2008 incident, remain unchallenged by the motion and wholly unaffected by this Order.

SO ORDERED this Fourteenth day of June 2011.


  /s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge